IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-02240-EWN-MEH

SHAWN SMITH,

      Plaintiff,

v.

PEPSI COLA BOTTLING COMPANY,

      Defendant.

---

## ORDER DENYING REQUEST FOR RECUSAL

**Entered by Michael E. Hegarty, United States Magistrate Judge.**

Plaintiff has moved for my recusal under 28 U.S.C. § 455. The Court exercises discretion in deciding whether to recuse. *See generally Weatherhead v. Globe Int'l, Inc.,* 832 F.2d 1226, 1227 (10th Cir. 1987). Under § 455, a judge must "disqualify himself in any proceeding in which his impartiality might reasonably be questioned," 28 U.S.C. § 455(a), or when the judge "has a personal bias or prejudice concerning a party," 28 U.S.C. § 455(b)(1).

Plaintiff has not shown a proper basis for recusal under § 455(a). Under § 455(a), the judge's subjective state of mind is irrelevant. *See United States v. Cooley,* 1 F.3d 985, 993 (10th Cir. 1993). The test is objective: "whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality." *Id.* (further quotations omitted). Here, Plaintiff essentially takes issue with the fact that jurisdictional concerns were raised *sua sponte* at the Scheduling Conference held in this matter on April 17, 2006. Specifically, the Plaintiff contends that by raising questions under well-established law (1) that a pro se plaintiff cannot bring a class action suit (notice of entry of appearance of counsel for the Plaintiff was not filed until the day of the conference, and the operative complaint under consideration had been prepared and filed pro se), (2) voicing concerns

of a failure by the Plaintiff to allege a violation of the law specific to him as a class representative, and (3) noting a potential failure to timely file the action, all issues implicating the jurisdiction of this Court, evidenced prejudice or partiality against the Plaintiff. However, the Court has a duty to determine subject matter jurisdiction *sua sponte*. *See Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988); *see also* Fed.R.Civ.P. 12(h)(3) ("[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action"). Additionally, even if the issues were not jurisdictional, the Tenth Circuit "has held that a district court may dismiss *sua sponte* a pro se complaint for failure to state a claim." *See Whitney v. New Mexico*, 113 F.3d 1170, 1173 (10th Cir. 1997). In either event, the potential for adverse rulings is not a sufficient basis for recusal. *See Cooley*, 1 F.3d at 994. Plaintiff alleges no facts which suggest that a reasonable person would question my impartiality.

In discussing the provisions of § 455(b)(1), the Supreme Court has stated that "judicial rulings in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible . . . Not establishing bias or partiality . . . are expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display." *Liteky v. United States*, 510 U.S. 540, 555-56 (1994); *see also United States v. Young*, 45 F.3d 1405, 1415 (10th Cir. 1995). Given the duty of the Court to consider issues of jurisdiction at the soonest possible moment, and the need to efficiently utilize judicial time and resources, the discourse which occurred at the Scheduling Conference in this matter do not demonstrate a basis for recusal in this matter.

Nothing presented by the Plaintiff in his motion rises to a level of judicial bias or prejudice under § 455(b)(1). Even if it did, the remedy for judicial prejudice is a motion for recusal that "must

be timely filed," and a party must act promptly in filing its motion once it knows of the facts on which it relies. *Willner v. Univ. of Kan.*, 848 F.2d 1023, 1028-29 (10th Cir. 1988). Plaintiff's motion claiming judicial bias or prejudice was filed three months after the actions of which he complains were made in April, 2006, and after this Court has participated in setting forth a pretrial case management plan and ruling on various other matters.

Plaintiff has claimed personal bias or prejudice by me in this case, but he presents nothing more than broad and conclusory statements, with no well-pled facts, in support of his claims. These statements are an insufficient basis for a recusal. *See Cooley*, 1 F.3d at 993-94 (rumor, speculation, beliefs, conclusions, innuendo, suspicion, opinion, and similar non-factual matters are not ordinarily sufficient to require a recusal). Accordingly, Plaintiff's motion in this regard will be denied. *See United States v. Greenspan*, 26 F.3d 1001, 1005 (10th Cir. 1994) (a judge has as strong a duty to sit when there is no legitimate reason to recuse as he does to recuse when the law and facts require).

Therefore, based upon the foregoing, and the entire record herein, Plaintiff, Shawn Smith's Motion to Recuse Magistrate Judge Michael E. Hegarty, from Presiding over Pretrial Proceedings, Pursuant to 28 U.S.C. § 455 [Filed July 17, 2006; Docket #52] is **denied**.

Dated at Denver, Colorado, this 18th day of July, 2006.

BY THE COURT:


 s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge