IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-02240-EWN-MEH

SHAWN SMITH,

    Plaintiff,

vs.

THE PEPSI COLA BOTTLING GROUP,

    Defendant.

---

ORDER OF UNITED STATES MAGISTRATE JUDGE
ON RENEWED MOTION FOR JOINDER OR CONSOLIDATION
WITH CASE NUMBER 05-cv-02627-REB-BNB

---

**Entered by Michael E. Hegarty, United States Magistrate Judge.**

This matter is before the Court on Plaintiff's Renewed Motion for Joinder or Consolidation of Case Number 05-cv-2627, Andrew Davidson, Plaintiff (Docket #32), and Plaintiff's Amended Renewed Motion for Joinder or Consolidation of Case Number 05-cv-2627, Andrew Davidson, Plaintiff (Docket #33). District Judge Edward W. Nottingham has referred these Motions to the undersigned (Docket #34). The Motions are fully briefed, and oral argument would not materially assist the Court in adjudicating it. For the reasons stated below, the Motions are **denied**.

## BACKGROUND

This case and Civil Action No. 05-cv-02627-REB-BNB, *Andrew Davidson, Jr. v. Pepsi Cola Bottling*, are Title VII lawsuits brought by two African-American plaintiffs asserting both individual and class claims against the Defendant. Plaintiff Smith alleges that in July 2004 he was not allowed to apply for a supervisory vacancy because the position was not posted, and in September 2004 he was not selected for a Lead Technician position. He asserts race and age as the bases for his

discrimination claims. Plaintiff Davidson's administrative claim alleges that he was wrongfully suspended in December 2004. He asserts race and retaliation as the bases for his discrimination claims. They both assert class allegations on behalf of African-Americans who applied for positions or promotions with the Defendant and such persons who have engaged in protected activity.

Plaintiff has moved to consolidate his case with Mr. Davidson's. In the Motions, Plaintiff alleges that his case will contain "principally the same allegations and class allegations except for a few minor differences." Motions, at 1.

## ANALYSIS

### I.  Legal Standard

A district court's determination on a motion to consolidate is discretionary and will not be reversed on appeal absent clear error or exigent circumstances. *Shump v. Balka*, 574 F.2d 1341, 1344 (10th Cir. 1978). Such a motion may be granted when the proposed consolidated actions involve common questions of law or fact. Fed. R. Civ. P. 42(a).

### II.  Discussion

There is no precise test on which to determine a motion to consolidate. Here, the Plaintiff has not alleged such commonality of facts or parties to justify combining what are essentially two distinct employment discrimination cases. Plaintiff has not demonstrated nor even alleged that the witnesses or exhibits are identical or that they closely overlap. He has not provided a sufficient basis to meet Fed. R. Civ. P. 42 here.

However, in neither case have the parties engaged in any real development of the class allegations. It could be that a future court decision on the efficacy of class treatment in either case would justify revisiting the issue of consolidation. Therefore, Plaintiff's Motions should be denied

without prejudice for reconsidering the issue at some later point after the issue of the proposed class actions has been litigated.

## CONCLUSION

Based upon the foregoing, and the pleadings on file herein, it is hereby ordered that Plaintiff's Renewed Motion for Joinder or Consolidation of Case Number 05-cv-2627, Andrew Davidson, Plaintiff (Filed June 2, 2006; Docket #32), and Plaintiff's Amended Renewed Motion for Joinder or Consolidation of Case Number 05-cv-2627, Andrew Davidson, Plaintiff (Filed June 3, 2006; Docket #33), are **denied** without prejudice.

Dated at Denver, Colorado, this 2nd day of August, 2006.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge